

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Amarillo, Texas

Dear Sir:

Opinion No. 0-2783
Re: Application of Article
7047e, Vernon's Civil
Statutes, to Indenture
of trust between Globe-
News Publishing Company,
Inc., and First National
Bank of Amarillo, Trustee.

In your letter of September 25, 1940, you advised us that there has been presented to the County Court of your county for filing a Trust Indenture between the Globe-News Publishing Company, Inc., as first party and the First National Bank of Amarillo as second party and trustee, securing an indebtedness of $791,000.00. The instrument covers real estate and physical equipment of the value of $130,061.36 and stocks and other intangible property pledged to the Trustee and delivered to him, the value of such stocks and other intangible property not being given. It is contended by the parties to the Trust Indenture that the tax levied by Article 7047e, Vernon's Civil Statutes should be calculated upon the value of the real estate and physical equipment, rather than upon the amount of the indebtedness secured. Such contention is based upon the reasoning that, "Inasmuch as there is no requirement nor necessity for recording the Trust Indenture so far as it covers the stocks and other intangible property pledged to the Trustee and delivered to him, and in fact being no statutory provision permitting it to be done, that as to value of such intangibles they should not be required to pay the stamp tax."

You request our opinion as to whether such contention is correct or whether the tax should be based upon the amount of the obligation secured by the Trust Indenture.

Section a of said Article 7047e reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State

of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or an abstract of judgment.

"If the amount secured by an instrument is not expressed therein, or if any part of the security described in any such instrument appears to be located without the State of Texas, the County Clerk shall require proof by written affidavits of such facts as may be necessary to determine the amount of the tax due."

From a reading of the above, it is seen that as a general rule, the amount of the tax is based upon the amount of the obligation secured by the instrument presented for record. To this general method of calculating the tax, the statute makes certain specific exceptions. However, the instrument in question does not fall within any such exception. Hence the tax to be paid upon the recording of such Trust Indenture must be calculated upon the amount of the indebtedness secured, and the County Clerk should not accept the instrument for recording until and unless it is stamped accordingly.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:ew

APPROVED OCT 3, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By  BWB
chairman